The Honorable Claud V. Cash State Senator 1301 Thrush Jonesboro, AR 72401
Dear Senator Cash:
You have presented the following questions for my opinion:
 If an annexation occurs between two districts and the agreement between the two districts provides for an even number of school board members, can they continue to operate with an even number of board members in light of A.C.A. § 6-13-1205? How does Act 966 of 1991 affect the agreement between these districts?
You indicate that your questions arise out of an annexation agreement between the Caraway School District No. 10 and the Lake City School District No. 4, entered into in 1987. The resulting district was the Riverside School District No. 15. The resolutions from both districts called for a school board to be comprised of ten members. However, the "Order Confirming Annexation," issued by the county board of education, provided for an eight-person board. You further state that the board's having an even number of members has resulted in deadlock on various issues.
RESPONSE
It is my opinion, as discussed more fully below, that the Riverside School District can legally operate with an even number of board members; however, it cannot legally operate with more than seven board members. The district is statutorily authorized to petition to decrease the number of board positions.
You specifically inquired about the effect upon the situation of Act 966 of 1991 — and specifically A.C.A. § 6-13-1205 (which was part of Act 966 of 1991). That statute prohibited the establishment of boards with an even number of board positions. Act 966 of 1991 (A.C.A. § 6-13-1201
through -1209) was repealed by Acts 2001, No. 1225, § 3. I therefore will not address the applicability of those laws to the situation you have described. I note that a similar provision was re-enacted in 2001 by Act 1225. See A.C.A. § 6-13-1406(f). However, because it prohibits the "establishment" of boards with an even number of positions, it is my opinion that it does not affect an already-existing board and is therefore not pertinent to your question.
Rather, the pertinent statute is A.C.A. § 6-13-634, which states:
 (a) As of July 1, 2000, all school districts shall have a board of directors with no fewer than five (5) and no more than seven (7) members, or no more than nine (9) members in the case of a school district having an average daily attendance of twenty-four thousand (24,000) or more.
 (b) Subsection (a) of this section shall not apply to those school districts which have a board of directors of more than seven (7) members, or no more than nine (9) members in the case of a school district having an average daily attendance of twenty-four thousand (24,000) or more, if that school district is operating under a court order or a consolidation agreement that provides for a board of directors.
A.C.A. § 6-13-634.
Although this statute appears, through its reference to five members and seven members, to envision that school boards will have an odd number of members, it does not state this requirement. Moreover, no other currently applicable law imposes a requirement that an already-existing school district have an odd number of board positions.
The more important issue that is raised by the language of A.C.A. §6-13-634 is the fact that it imposes an upper limit of seven board members (except in school districts having an average daily attendance of 24,000 or more). In my opinion, because the Riverside School District has eight board members, it is in violation of this limitation. Accord, Op. Att'y Gen. No. 99-275. (I note that the law that was in effect in 1987 at the time of this annexation permitted school boards to have eight members. See Acts 1949, No. 214.)
Moreover, the fact that the board has an even number of members (although this fact, in and of itself, does not make the board illegal) does result in the type of deadlock you have described. Accordingly, the board should be cognizant of the provisions of A.C.A. § 6-13-606, which authorize the school boards with five or more members to petition the State Board of Education requesting a decrease in the number of board positions. I note that any action taken by the board in this regard should be taken in consultation with the school district's private counsel. I also note that the statutory imposition of a condition that is contrary to a previously existing annexation or consolidation agreement is permissible under the law. See East Poinsett County Sch. Dist. No. 14 v. Massey, 315 Ark. 163,866 S.W.2d 369 (1993).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General